UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Edward Galka,

    Plaintiff,

vs                                                                           Case No: 07-13764
                                                                          Honorable Victoria A. Roberts

Patricia Caruso,

    Defendant.

_____/

**<u>ORDER</u>**

**I.    Introduction**

At the time he brought this lawsuit in 2007, Edward Galka was incarcerated at the Ryan Correctional Facility. He has since been released.

Galka, a United States Citizen, sues several employees at Ryan for violating his civil rights under 42 U.S.C. § 1983.

The matter comes before Court on Defendants' Motion for Summary Judgment.

**II.    Background**

In May 2007, Galka did his laundry. When he collected his belongings, he discovered that someone had stolen clothing from his laundry bag. He informed Assistant Resident Unit Supervisor Irby about the theft. Irby arranged for the items to be replaced by the quartermaster.

Sometime later in May, Galka learned that Irby had charged him $16.98 for the stolen items. Galka felt this unjust, as he did not feel responsible for the theft. Galka

1

tried to resolve the issue with Irby; Irby told him to file a grievance.

In June, Galka confronted Irby about the fee for the stolen laundry items. In what he saw as retaliation for this confrontation, Galka found that Irby transferred him from cell block 400D to cell block 400B, which Irby's friend, Resident Unit Officer Shipp, supervised.

Galka alleges that Shipp and Shipp's friend, Resident Unit Officer Clark, repeatedly harassed and verbally reprimanded him when he violated minor rules of 400B.

In July 2007, Galka went to lunch early, at 11:30 in the morning. He attempted to go to lunch again at 12:30 in the afternoon, but Clark saw him and issued him a major Out of Place ticket.

On July 28, Galka alleges that Shipp searched his room and told him that he had been watching Galka and felt determined to "get him for something." While searching his room, Shipp accused Galka of harboring contraband bleach, but another inmate admitted the bleach belonged to him.

On July 31, Clark woke Galka during morning count and asked him to produce his lower bunk detail (a document showing that he had privileges to sleep in the lower bunk). Galka pleaded with Clark to come back later, but Clark insisted. Galka produced the detail and Clark left. This scenario repeated on August 3, 2007, but with Shipp instead of Clark.

On August 9, Galka's toplock (confinement to his room) began, punishment for his July Out of Place violation during lunch. In the morning, Shipp came to his room and seized his television. Galka protested, stating his belief that toplock did not begin

2

until the evening. Shipp disagreed.

When toplock ended on August 11, Galka tried to retrieve his television. Galka alleges Shipp verbally reprimanded him when he arrived at the property room. Shipp informed Galka that he could not return his television, because Galka did not have his prisoner number inscribed in it. Galka told Shipp that a former inmate gave him the television as a gift 13 months ago. Galka said that he had previously retrieved the television from the property room during prior toplocks. Galka alleges Shipp leaned over in a threatening manner and told Galka to listen to him or else. Galka attempted to request a Shift Commander, but Shipp allegedly began shouting and refused to contact a Shift Commander.

A Shift Commander, Owens, arrived on the scene and told Galka to take his television and go back to his room. Shortly after he did so, and after Owens left, Shipp told Galka to come back to the Officers' Desk and threatened Galka that if Galka did not answer his questions, he would issue a major ticket for "disobeying a direct order." Galka told Shipp he wanted to talk to a Shift Commander, but Shipp refused to call Owens. Shipp ordered Galka to his room. Galka alleges Shipp verbally attacked him while he walked back to his room. Galka alleges he told Owens about Shipp's behavior and that Owens verbally reprimanded Shipp for his behavior.

The next day, Galka found out he had been issued two major tickets for insolence and disobeying a direct order. Shipp had written the tickets based on the previous day's events.

On August 13, Galka requested and attended a hearing about his television. There he discovered that the prison's policies forbade gifts between prisoners, and

since he had admitted that he had received the television as a gift, it would not be returned to him.

Galka alleges that he learned that Shipp had been escorted off prison grounds on August 22, because of a pending investigation by the Michigan Department of Corrections, relating to insubordinate acts and inhumane treatment of prisoners.

## III. The Parties' Arguments

### A. Galka's Arguments

Galka argues that the repeated harassment by Clark and Shipp constitutes inhumane treatment of a prisoner causing emotional distress. He sees his emotional distress and pain as so severe as to constitute a physical injury. Galka feels Clark and Shipp's actions violated their constitutional obligations, thus abrogating their qualified immunity. He alleges that his transfer from cell block 400D to 400B involved intentional infliction of emotional distress, because the transferors, Irby and Resident Unit Manager Gorden, intended that Shipp would harass Galka. He strips away immunity from other Michigan Department of Corrections defendants on the grounds that their negligence led to his harassment at the hands of Shipp and Clark. He seeks judgment against all defendants, in the amount of $1 million in compensatory, punitive and prospective relief. He also seeks costs for his defense, even though he represents himself.

### B. Defendants' Arguments

Defendants argue that the Prison Litigation Reform Act bars Galka's claims because he seeks monetary compensation without a showing of physical injury. 42 U.S.C. § 1997e(e). *Davis v. District of Columbia*, 158 F.3d 1342 (DC Cir, 1998).

Galka's Eighth Amendment claim lacks the required showing that the Defendants disregarded a substantial risk to his health and safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). The Eleventh Amendment's immunity bars Galka's official capacity claims. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1994). Qualified immunity bars Galka's qualified immunity claims, as Defendants argue that Galka has not demonstrated a constitutional violation. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Furthermore, Defendants argue that Galka has not exhausted his administrative remedies.

## IV. Applicable Law

### A. Summary Judgment

A defendant may receive judgment as a matter of law in the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(b). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

### B. Eighth Amendment

A federal action may not be brought by a prison inmate for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e); *Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir., 1998).

Prison officials can only violate the Eighth Amendment if they deliberately act with indifference to a substantial risk of harm to an inmate. *Rhodes v. Chapman*, 452 U.S. 337 (1981).

### V. Analysis

Even taking all the facts in the light most favorable to Galka, he has not demonstrated a physical injury. Such a showing of a physical injury is necessary to bring a federal action. Galka's argument that his emotional pain could be serious as to itself constitute a physical injury is not convincing.

Judgment will enter in favor of the defendants.

### VI. Conclusion

The Court **GRANTS** Defendants' Motion for Summary Judgment.

**IT IS ORDERED.**

                                                /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 20, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Edward Galka by electronic means or U.S. Mail on August 20, 2008.

s/Carol A. Pinegar
Deputy Clerk

---